1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  JEREMY A. CROZIER,                          )
                                                )
12            Plaintiff,                         )          3: 10-cv-00208-HDM-VPC
                                                )
13  vs.                                         )
                                                )          **ORDER**
14  UNITED STATES OF AMERICA, *et al*,          )
                                                )
15            Defendants.                        )
    _____/

16

17          Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

18  submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1).  The court has screened

19  plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

20  **I.       Screening Pursuant to 28 U.S.C. § 1915A**

21           Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

22  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

23  1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

24  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

25  relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se

26  pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic

1   recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S.

2   265, 286 (1986).

3       All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

4   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

5   conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

6   of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

7   factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

8   327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9   **II.      Screening of the Complaint**

10      The Civil Rights Act under which this action was filed provides:

11          Every person who, under color of any statute, ordinance, regulation,
            custom, or usage of any State or Territory or the District of Columbia,
12          subjects, or causes to be subjected, any citizen of the United States. . .
            to the deprivation of any rights, privileges, or immunities secured by
13          the Constitution. . . shall be liable to the party injured in an action at
            law, suit in equity, or other proper proceeding for redress.
14
15   42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the

16   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell*

     *v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The
17
     Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
18
     within the meaning of section 1983, if he does an affirmative act, participates in another's
19
     affirmative acts or omits to perform an act which he is legally required to do that causes the
20
     deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   In
21
     this action, plaintiff names as defendants the United States of American, "Catherine Masto Cortez,"
22
     the State of Nevada, and Eric Holder.
23
         Plaintiff's complaint includes no allegations of an actual connection or link between
24
     Catherine Cortez Masto, Attorney General of the State of Nevada, and the claims he raises in his
25
     complaint.  Accordingly, this defendant must be dismissed.
26
         The United States is not a person acting under color of state law for the purposes of 42

3

U.S.C. § 1983.  The same is true of Eric Holder, Jr. Attorney General of the United States.   Thus, these defendants cannot not be sued a civil rights action pursuant to 42 U.S.C. § 1983 and must be dismissed from this action.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Nevada explicitly has retained its full Eleventh Amendment immunity.  Nev.Rev.Stat. 41.031(3).  Accordingly, the State of Nevada must be dismissed from this action.

The court having found that plaintiff has failed to name a single viable defendant in this Section 1983 civil rights action, concludes that this action must be dismissed.

**IT IS THEREFORE ORDERED** that all named defendants are **DISMISSED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.   All pending motions are **DENIED** as moot.  The Clerk shall enter judgment accordingly and close this case.

DATED this 16th day of November, 2010.

Howard D McKibben
_____
UNITED STATES DISTRICT JUDGE

4